UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-11471-RWZ

| | |
|---|---|
| MUKUL HASSAN<br>          Plaintiff,<br>v.<br><br>COMPUSA, INC., CERTEGY CHECK<br>SERVICES, INC. (f.k.a. Equifax Check<br>Systems, Inc.), CAMBRIDGE POLICE<br>DEPARTMENT, JOHN POIRIER,<br>DONALD BOMBINO, AND TODD<br>WESMAN<br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANT CAMBRIDGE POLICE DEPARTMENT AND OFFICERS DONALD BOMBINO AND JOHN POIRIER IN THEIR OFFICIAL CAPACITY

1. Paragraph 1 is an introduction to which no response is necessary. To the extent that paragraph 1 alleges any wrongdoing on the part of the Cambridge Police Department and Officers Bombino and Poirier in their official capacity, Defendants deny such allegations.

2. Defendants neither admit nor deny the allegations set forth in paragraph 2 of the Complaint as it calls for a conclusion of law.

3. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit that at all times relevant to the Complaint, CompUSA maintained a store at 350 Massachusetts Avenue, Cambridge, MA, and are without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 4 of the Complaint, and therefore deny the same.

5. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore deny the same.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit that at all times relevant to the Complaint, Defendant police officers were employed by the Cambridge Police Department. Defendants neither admit nor deny the remaining allegations set forth in paragraph 7 as Defendants deny that Officers Bombino and Poirier took some of the actions alleged in the Complaint.



8. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore deny the same.

9. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore deny the same.

11. Defendants admit that Mr. Haque was subsequently found in a parking lot in the vicinity of Comp USA, but deny that it was "the" parking lot of CompUSA. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 11 of the Complaint and therefore deny the same.

12. Defendants admit that Plaintiff wrote a check in an attempt to purchase computers but is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 12 of the Complaint, and therefore deny the same.

13. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 18 of the Complaint and therefore deny the same.

19. Defendants admit that they heard a report of an incident at Comp USA involving a person attempting to purchase computers with a forged check and are without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants admit that when Defendant police officers arrived at the Comp USA store, an employee of the store identified two men who were allegedly attempting to purchase computers with a forged or false check and that such subjects were

subsequently arrested after police officers conducted an investigation and spoke to several individuals involved. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 20 of the Complaint and therefore deny the same.

21. Defendants admit that the arrest of Plaintiff was made without a warrant and deny the remaining allegations set forth in paragraph 21.

22. Defendants admit that Plaintiff was taken to the Cambridge Police Station where he was booked and deny the remaining allegations set forth in paragraph 22.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 23 of the Complaint and therefore deny the same.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore deny the same.

25. Defendants deny having any knowledge or indication that any information they received regarding the underlying criminal case was allegedly false until informed by the prosecution on October 24, 2000.

26. Defendants deny that the criminal charges were instituted without probable cause and to the extent the remaining allegations in paragraph 26 are directed at Defendant Police Department and Officers Bombino and Poirier, the Defendants deny such allegations.

27. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 27 of the Complaint and therefore deny the same.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore deny the same.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 29 of the Complaint and therefore deny the same.

30. Defendants admit the allegations set forth in paragraph 30.

31. Defendants admit the allegations set forth in paragraph 31.

32. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 32 of the Complaint and therefore deny the same.

33. Defendants deny the allegations set forth in paragraph 33.

34. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 34 of the Complaint and therefore deny the same

35. Defendants deny the allegations set forth in paragraph 35.

36. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 36 of the Complaint and therefore deny the same.

37. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 37 of the Complaint and therefore deny the same.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 38 of the Complaint and therefore deny the same.

39. To the extent the allegations in Paragraph 39 apply to Defendant Police Department and Officers Bombino and Poirier, the Defendants deny such allegations.

40. To the extent the allegations in Paragraph 40 apply to Defendant Police Department and Officers Bombino and Poirier, the Defendants deny such allegations.

41. To the extent the allegations in Paragraph 41 apply to Defendant Police Department and Officers Bombino and Poirier, the Defendants deny such allegations.

42. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 42 of the Complaint and therefore deny the same.

**Count One: 42 U.S.C. §1983: Unlawful Arrest**

43. The above responses are incorporated by reference herein.

44. Defendants neither admit nor deny the allegations set forth in paragraph 44 of the Complaint as it calls for a conclusion of law.

45. Defendants deny the allegations set forth in paragraph 45.

46. Defendants deny the allegations set forth in paragraph 46.

47. Defendants deny the allegations set forth in paragraph 47.

**Count Two: False Imprisonment**

48. The above responses are incorporated by reference herein.

49. Defendants deny the allegations set forth in paragraph 49.

50. Defendants deny the allegations set forth in paragraph 50.

51. Defendants deny the allegations set forth in paragraph 51.

### Count Three: M.G.L. ch. 12, §11I

52. The above responses are incorporated by reference herein.

53. Defendants deny the allegations set forth in paragraph 53

54. Defendants deny the allegations set forth in paragraph 54 a, b and 55.

56. Defendants deny the allegations set forth in paragraph 56.

### Count Four: Malicious Prosecution

57. The above responses are incorporated by reference herein.

58. The allegations set forth in paragraph 58 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

59. The allegations set forth in paragraph 59 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

60. The allegations set forth in paragraph 60 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

61. Defendants admit that the criminal action against Plaintiff was nolle prosequied on October 24, 2000.

62. The allegations set forth in paragraph 62 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

### Count Five:  15 U.S.C. §§1681 et seq.:  Credit Reporting Violation

63. The above responses are incorporated by reference herein.

64. The allegations set forth in paragraph 64 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

65. The allegations set forth in paragraph 65 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

66. The allegations set forth in paragraph 66 do not purport to state a cause of action against Defendant Cambridge Police Department and, as such, do not require a response.

Wherefore, Defendant Cambridge Police Department and Officers Bombino and Poirier in their official capacity request that this Honorable Court dismiss Plaintiff's Complaint with prejudice together with any further relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants state that Plaintiff fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

The Cambridge Police Department, its agents or servants acted properly, within the scope of their employment and without negligence in performing their duties and were not the proximate cause of Plaintiff's alleged damages.

### Third Affirmative Defense

The Cambridge Police Department states that at the time of Plaintiff's arrest, Defendants Bombino and Poirier had probable cause and Plaintiff's arrest and subsequent detainment at the police station were justified and legal.

### Fourth Affirmative Defense

The Cambridge Police Department is not liable to Plaintiff because Plaintiff's alleged damages, if any, were caused in whole or in part by acts or omissions of another or others over whom the Police Department had no control and for whose actions the Police Department is not legally responsible.

### Fifth Affirmative Defense

The Cambridge Police Department is not liable to Plaintiff because Plaintiff's own actions, or lack thereof, caused Plaintiff's alleged injuries and thus prevents or reduces its recovery against the Cambridge Police Department.

### Sixth Affirmative Defense

Plaintiff failed to mitigate his alleged damages.

### Seventh Affirmative Defense

The Cambridge Police Department did not act with deliberate indifference or fail to adequately discipline, sanction, train or otherwise direct its officers.

**DEFENDANT REQUESTS JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,
Cambridge Police Department and
Officers Bombino and Poirier in
their official capacity
By their attorneys,

Christine E. McGinn
BBO # 567531
Arthur J. Goldberg
BBO # 543909
City Hall-Law Department
795 Massachusetts Ave.
Cambridge, MA 02139
617-349-4121

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2002, a true copy of the enclosed document was served upon each interested party by mailing a copy of the same to their counsel of record.

Christine E. McGinn